UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-cv-23319

GUSTAVO B. SAMPAIO,

    Plaintiff,

v.

RECEIVABLES PERFORMANCE MANAGEMENT, LLC,

    Defendant.
_____/

## MOTION TO VACATE CLERK'S DEFAULT AND MEMORANDUM OF LAW

COMES NOW, Defendant, ("RPM"), by and through the undersigned counsel and pursuant to FRCP 55(c) and files this Motion to Vacate Clerk's Default and states:

**A. Factual Background.**

This matter arises out of allegations that Defendant violated the FDCPA and TCPA in attempting to collect a debt from the debtor. On September 13, 2013, Plaintiff filed the instant lawsuit, **case no.: 1:13-cv-23319** against Defendant, RPM. It is imperative to note the instant case's case number. Also, on September 13, 2013, either Plaintiff and/or the clerk of court also opened *Sampaio v. Receivables Performance Management*, *__case no: 1:13-cv-61131__*. Apparently, a summons and complaint was issued/filed in this case as well. Thereafter, Plaintiff moved for an obtained a clerk's default against Defendant in case no.: **1:13-cv-23319**. DE 8 & 9.

Upon review of the summons and complaint that was served on Defendant, it is readily ascertainable that Plaintiff served Defendant with the lawsuit entitled *Sampaio v.*

*Receivables Performance Management*, **case no: 1:13-cv-61131**.[1]  See Exhibit 1. Plaintiff did not serve Defendant with the operative complaint in the instant case entitled Sampaio v. Receivables Performance Management, **case no.: 1:13-cv-23319**, the case in which Plaintiff has moved for a received a clerk's default.  When Defendant checked the online docket relative to **case no: 1:13-cv-61131**, the court's pacer system provides that the case was terminated/administratively closed on September 13, 2013 and no further information is provided.  Only upon review by Defendant's counsel of the Court's Docket System to review the numerous cases on behalf of the instant Plaintiff, did defense counsel ascertain that a second case had been opened against Defendant, in which Plaintiff had moved for and obtained a clerk's default.  As Plaintiff had not served Defendant with the S*ampaio v. Receivables Performance Management*, **case no.: 1:13-cv-23319**, Plaintiff is not entitled to a clerk's default in the instant case.

Moreover, Defendant and its counsel reached out to Plaintiff's counsel to ascertain particular information about the instant case throughout the past weeks, i.e. the telephone number that Plaintiff allegedly received the telephone calls which allegedly gives rise to the instant action.  Plaintiff's counsel knew that Defendant and its counsel were actively pursuing this case, but without responding to either Defendant or its counsel and without providing any notice of intent to move for a default, Plaintiff moved for a clerk's default.

Defendant has reached out to Plaintiff's counsel prior to the filing of the instant Motion to request that Plaintiff agree to vacate the clerk's default, but Plaintiff's counsel has not provided a response as to whether he would or would not agree to vacate the

---

[1] In relation to this Motion to Vacate, it is imperative to note the case number for the case which Defendant was served with a complaint.

default.  Admittedly, Defendant sent Plaintiff's counsel and Plaintiff's counsel assistant an email this morning, but nonetheless, Defendant has not received any communication from Plaintiff and/or his assistants.  Out of an abundance of caution, Defendant hereby moves quickly to attempt to vacate the clerk's default.

Defendant has meritorious defenses to the claims asserted by the Plaintiff, and requests that the clerk's default be vacated.

### B.  Legal Standard/Argument.

Rule 55(c) of the Federal Rules of Civil Procedure states that a "court may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c).  "[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physicians Insurance Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir.1993). To obtain relief under Rule 55(c), the movant must only make a "bare minimum showing" to support its claim for relief.  *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir.1988).  "Good cause" is a far more lenient standard than the related "excusable neglect" standard used to justify vacatur of a default judgment pursuant to Fed.R.Civ.P. 60(b).  *See, e.g., E.E.O. C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir.1990).

### 1.  <u>Good Cause Exists to Set Aside the Clerk's Default</u>

In evaluating whether a movant has demonstrated "good cause," courts have considered several potential factors: whether the default was culpable or willful; whether setting the default aside would be prejudicial to the opposing party; whether the defaulting party presents a meritorious defense; whether public interests have been implicated; whether the defaulting party has suffered significant financial losses; and whether the defaulting party acted promptly to correct the default. *Compania*

*Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir.1996). These factors are simply guidelines and are not "talismanic." *Id.*

In the instant case, the Defendant did not "willfully" permit the default to be entered. Upon review of the summons and complaint that was served on Defendant, it is readily ascertainable that Plaintiff served Defendant with the lawsuit entitled Sampaio v. Receivables Performance Management, **case no: 1:13-cv-61131**. *See* Exhibit 1. Plaintiff did not serve Defendant with the case entitled Sampaio v. Receivables Performance Management, **case no.: 1:13-cv-23319**, the case in which Plaintiff has moved for a received a clerk's default. When Defendant checked the online docket relative to **case no: 1:13-cv-61131**, the court's pacer system provides that the case was terminated/administratively closed on September 13, 2013 and no further information is provided. Only upon review by Defendant's counsel of the Court's Docket System to review the numerous cases on behalf of the instant Plaintiff, did defense counsel ascertain that a second case had been opened against Defendant, in which Plaintiff had moved for and obtained a clerk's default. As Plaintiff had not served Defendant with the Sampaio v. Receivables Performance Management, **case no.: 1:13-cv-23319**, Plaintiff is not entitled to a clerk's default in the instant case.

Moreover, Defendant and its counsel reached out to Plaintiff's counsel to ascertain particular information about the instant case throughout the past weeks, i.e. the telephone number that Plaintiff allegedly received the telephone calls which allegedly gives rise to the instant action. Plaintiff's counsel knew that Defendant and its counsel were actively pursuing this case, but without responding to either Defendant or its

counsel and without providing any notice of intent to move for a default, Plaintiff moved for a clerk's default.

Moreover, Plaintiff would suffer no prejudice were the Court to vacate the default. "Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir.2006). No such showing can be made by Plaintiff in this case.

Once Defendant confirmed that a default had been entered, Defendant took swift action. After attempting to contact Plaintiff's counsel, when Plaintiff's counsel failed to respond to Defendant's request to voluntarily agree to vacate the clerk's default, the instant Motion was promptly filed.

### C. Conclusion.

Since the Plaintiff would suffer no prejudice, the Defendant has meritorious defenses to the case, the Plaintiff has improperly moved for a Default relative to a non-operative/non-served complaint and Defendant acted promptly to vacate the Clerk's Default, this Court should enter and Order vacating the Clerk's Default. (DE 44)

WHEREFORE, Defendant respectfully requests an Order vacating the Clerk's Default entered in this matter.

6 | P a g e

Respectfully submitted by:

/s/ Dale T. Golden
**GOLDEN SCAZ GAGAIN, PLLC**
Dale T. Golden, Esquire
FBN:  0094080
 /s/ Charles J. McHale
Charles J. McHale, Esquire
Florida Bar No. 0026555
201 North Armenia Avenue
Tampa, FL  33609
Phone:  813-251-5500
Fax:  813-251-3675
Email: dgolden@gsgfirm.com
Email:  cmchale@gsgfirm.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Dale T. Golden
DALE T. GOLDEN, ESQUIRE
Florida Bar No. 0094080

 /s/ Charles J. McHale
Charles J. McHale, Esquire
Florida Bar No. 0026555